**Marshall R. WEST, Appellant,**

v.

**DRYTRANS, INCORPORATED, a corporation, owner and/or Bareboat Charterer of THE Steamship CATHERINE,** Appellee.

**No. 7909.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 19, 1959.

Decided Jan. 4, 1960.

Guy E. Daugherty, Norfolk, Va. (Howell, Anninos & Daugherty, Norfolk, Va., on the brief), for appellant.

Charles F. Tucker, Norfolk, Va. (Vandeventer, Black & Meredith, Norfolk, Va., on the brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and BUTLER, District Judge.

BUTLER, District Judge.

The appellant filed a libel in admiralty in the United States District Court for the Eastern District of Virginia, Norfolk Division, seeking damages for an injury to the middle finger of his right hand, alleging that his injury was caused by the unseaworthiness of the S. S. Catherine and the negligence of the appellee's agents, servants and employees. The appellant also seeks damages for aggravation of his injury because of improper treatment, and an allowance for maintenance and cure during the period of disability. The District Court dismissed the libel on the ground that the libellant had failed to carry the burden of proof as to any of the alleged causes of action.

It appears from the evidence that the appellant, at the time of his injury on September 1, 1955, was a member of the Merchant Marine of the United States and was employed aboard the S. S. Catherine in the capacity of a wiper. The vessel was owned and operated by the appellee. While the vessel was at the United States Army Base in Jersey City, New Jersey, the appellant and the first assistant engineer were engaged in lowering a roll of wire mesh through a ventilator from the boat deck to the engine room. The roll of wire was approximately the same diameter as the ventilator shaft. As the roll of wire passed through the ventilator opening, appellant's finger was injured when it was caught between the roll of wire and the ventilator sill.

It is appellant's version of the occurrence that he and the assistant engineer, with the aid of two other seamen, forced the roll of wire, weighing approximately 150 pounds, through the ventilator opening. After the roll of wire cleared the opening two of the men went below deck. A rope attached to the roll of wire led across the sill of the ventilator and was held by the appellant, who was standing with his hands very close to the ventilator sill. The assistant engineer who was behind the appellant was also holding the rope. The end of the rope was free and was not tied to any ship structure. As the appellant and the assistant engineer began to lower the wire by "letting off" on the rope, the assistant engineer let off the rope too fast and the appellant's right hand was dragged over the sill of the ventilator and the middle finger of his right hand was pinned between the rope and the sill. Appellant contends that the ventilator was unseaworthy for the purpose for which it was then being used.

It is appellee's version of the occurrence that the rope attached to the roll of wire was secured by means of several turns around some structure of the ship where it was snubbed, but with sufficient slack in the line to enable the roll to pass through the ventilator opening. As the roll of wire was being pushed through the ventilator opening by the appellant and the first assistant engineer, the middle finger of the appellant's right hand was caught between the roll of wire and the edge of the opening, causing the injury complained of.

The appellant introduced evidence in support of his allegations that his injured finger was improperly treated. He testified that following the injury he soaked his finger in hot solutions as instructed by the ship's medical officer, and was required to stand his regular watches as a wiper.

He offered medical testimony tending to show that the failure to immobilize the finger and the treatment prescribed aggravated the injury and extended the period of disability.

The appellee, on the other hand, contends that the injury did not disable appellant to such an extent that he required the services of a physician; that appellant did not request that he be relieved from duty, and that he did not perform any work which impeded his recovery.

The evidence of the libellant and the respondent was in conflict upon every material question of fact. The District Court found upon competent evidence: (1) that there was no negligence on the part of respondent which caused or contributed to libellant's injury; (2) that libellant's injury was not caused or contributed to by any unseaworthiness of the S. S. Catherine, its appurtenances or appliances; (3) that libellant was not entitled to further maintenance and cure, and (4) that libellant was not entitled to damages for improper treatment. Upon these findings, the Court's ruling with respect to the application of the Jones Act becomes immaterial.

The appellant has failed to show that the findings of the Court below are clearly erroneous. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20.

Affirmed.